# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN R. QUIROZ,<br><br>          Plaintiff,<br><br>   v.<br><br>FIGUEROA, et al.,<br><br>          Defendants.<br>_____ / | 1:08-cv-01829-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED, DISMISSING THIS ACTION<br>(Doc. 22.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.     BACKGROUND**

Joaquin R. Quiroz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 1, 2008.  (Doc. 1.)  This case now proceeds on Plaintiff's First Amended Complaint, filed on December 31, 2009, against defendants Correctional Officers ("C/Os") J. Figueroa, Jason Fleming, Chris Mazzie, and Jose Verena, Jr., for use of excessive force against Plaintiff in violation of the Eighth Amendment; and against defendant C/O David Kent for failure to intercede in violation of the Eighth Amendment.  (Doc. 12.)  On August 3, 2011, defendants Figueroa, Fleming, Mazzie, Verena, and Kent ("Defendants") filed a motion to dismiss this action based on Plaintiff's failure to exhaust administrative remedies before filing suit.  (Doc. 22.)  On September 20, 2011, Plaintiff filed an opposition to the motion.[1]  (Doc. 25.)  On September 28, 2011, Defendants filed a reply to Plaintiff's opposition.  (Doc. 26.)  Defendants' motion to dismiss is now before the Court.

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on May 4, 2011.  Wyatt, 315 F.3d at 1120 n.14; Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).  (Doc. 17.)

1

## II. STATUTORY EXHAUSTION REQUIREMENT

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

## III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is a state prisoner presently incarcerated at Ironwood State Prison in Blythe, California. The events at issue in this action allegedly occurred at Kern Valley State Prison ("KVSP") in Delano, California, while Plaintiff was incarcerated there. In the First Amended Complaint, Plaintiff names defendants C/Os J. Figueroa, Jason Fleming, Chris Mazzie, Jose Verena, Jr., and David Kent.

///

Plaintiff alleges as follows in the First Amended Complaint. On October 6, 2005, while in the releasing and receiving area ("R&R") at KVSP, Plaintiff and Officer Terry Forte had a disagreement about the amount of property that Plaintiff had brought with him from Wasco State Prison. Plaintiff struck Officer Terry Forte in the face. Soon afterward, C/O J. Figueroa, C/O Fleming, C/O Mazzie and C/O Varela tackled Plaintiff to the ground and placed him in handcuffs. Plaintiff does not dispute the necessary use of force against him before he was placed in handcuffs. However, Plaintiff contends that once he was in handcuffs, the use of force was no longer necessary.

While Plaintiff was immobile on the ground in handcuffs, the four named officers repeatedly kicked, kneed and punched Plaintiff. Plaintiff was hit across the face with a pair of handcuffs that caused two lacerations consistent with the width of a pair of cuffs. Plaintiff bled profusely from his injuries. Plaintiff was then dragged through R&R as he bled, and his head was slammed against an exit door leading to the outside, away from the view of other inmates. Once outside, Plaintiff was told, "You fucked up," and a spit mask was placed over Plaintiff's head and reversed to the side with no view. Plaintiff then heard one of the officers say, "Welcome to Kern Valley," whereupon Plaintiff was beaten, kicked and punched until he lost consciousness. When Plaintiff awoke, he was on his stomach in handcuffs on a holding cell bench, bleeding.

C/O David Kent was present during the assault and stood by watching the named officers assault Plaintiff, without intervening. C/O David Kent also failed to accurately report the incident, by omitting information from his written report in order to exculpate his counterparts.

All documentation in the report of this incident states that Plaintiff was restrained after a brief scuffle and then lifted to his feet, handcuffed, and escorted outside away from all other inmates. However, documentation via photographs taken by Officer Trupe Phillip shows that Plaintiff's blood was found all over R&R, consistent with Plaintiff's version of the events and inconsistent with the officers' reports. None of the participating officers reported Plaintiff's injuries or the blood on the floor in R&R.

During his emergency room visit, Plaintiff told medical staff that his injuries were caused by horseplay in a holding cell, during which Plaintiff fell on the holding cell bars. These statements

///

were untrue and were only made in fear that if Plaintiff said otherwise he would be assaulted again. At the time of this incident, Plaintiff was nineteen years old and serving his first prison term.

### IV. MOTION TO DISMISS FOR FAILURE TO EXHAUST

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

*Defendants' Motion*

Defendants argue that this action should be dismissed because Plaintiff failed to exhaust the CDCR's administrative appeals process regarding his claims against Defendants. Defendants submit evidence that between October 6, 2005 and December 1, 2008, Plaintiff filed only one inmate appeal at KVSP concerning an alleged use of excessive force on October 6, 2005, and the appeal was screened out as untimely. (Declaration of D. Tarnoff, Doc. 22-3 at 3 ¶4.) The appeal, Log Number KVSP-08-01137, was filed by Plaintiff on May 7, 2008 and bypassed the Informal and First Levels of review because it was designated as a staff complaint. Id. at ¶5. On June 19, 2008, the appeal was rejected at the Second Level of review because it was not filed within 15 days of the event. Id. at ¶¶5, 6. A confidential inquiry was completed, despite the untimeliness of the appeal, because the appeal was designated as a staff complaint. Id. at ¶6. Plaintiff attempted to submit the appeal to the Director's Level of review, but the appeal was screened out on August 18, 2008 because it had been rejected at the Second Level. (Declaration of D. Foston, Doc. 22-2 at 4 ¶10.) Plaintiff did not receive a Director's Level review for the appeal. Id.

///

*Plaintiff's Opposition*

In opposition, Plaintiff argues that he exhausted his remedies with appeal Log Number KVSP-08-01137. Plaintiff asserts that he filed the appeal on May 7, 2008, regarding the event that occurred on October 6, 2005. (Exh. A to Opp'n, Doc. 25.) The appeals coordinator assigned the grievance Log Number KVSP-08-01137 and established a due date of June 24, 2008 for review at the Second Level. Id. Plaintiff contends that the appeal was rejected in error as untimely at the Second Level on June 19, 2008. (Exh. B to Opp'n.) Plaintiff concedes that he filed the appeal late, but he argues that the appeal was nonetheless allowed to proceed because it was accepted by the appeals coordinator at the Second Level of review as a staff complaint, partially granting the appeal by commencing an investigation. On July 1, 2008, Plaintiff submitted a letter to the appeals coordinator explaining that the rejection was unreasonable because the appeal had already been partially granted by initiating an investigation, and because he had attempted to file other appeals while at KVSP that were never processed. (Exh. C to Opp'n.) On July 16, 2008, Plaintiff received another notice of rejection of the appeal as untimely at the Second Level of review. (Exh. D to Opp'n). Plaintiff then submitted the appeal to the Director's Level of review, where it was screened out on August 18, 2008, based on the earlier rejection at the Second Level. (Exh. E to Opp'n).

*Defendants' Reply*

Defendants reply that the facts are straightforward: Plaintiff had 15 days from the October 2005 incident to file his appeal; he did not file an appeal regarding the allegations in this lawsuit until May 7, 2008, thirty months after the incident, making the appeal untimely. Defendants argue that, based on these facts, Plaintiff failed to exhaust his remedies and the case should be dismissed.

*Discussion*

Defendants' evidence is sufficient to demonstrate that Plaintiff failed to exhaust his remedies at the Director's Level with respect to the allegations upon which this action proceeds. However, a Director's Level response is not necessary to satisfy the exhaustion requirement and the mere absence of a Director's Level response does not entitle Defendants to dismissal. Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been

reliably informed by an administrator that no remedies are available"). As discussed above, § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). There is no dispute that Plaintiff failed to obtain a final, Director's Level review. The question here is whether Plaintiff exhausted all of the remedies that were made available to him.

There is no dispute that Plaintiff submitted only one appeal, Log Number KVSP-08-01137, concerning the October 6, 2005 incident at issue in this action, and that Plaintiff submitted the appeal on May 7, 2008, thirty months after the incident. The CDCR's administrative grievance system for prisoner complaints requires that appeals be submitted *within fifteen working days* of the event being appealed. Cal.Code Regs., tit. 15 § 3084.6(c) (emphasis added). Plaintiff does not argue that he was prevented from filing the appeal within the fifteen-day deadline. Therefore, the Court finds that Plaintiff failed to properly use the process that was made available to him for exhausting remedies.

Plaintiff argues that because the appeal was accepted as a staff complaint and an investigation was conducted, the appeal should not have been rejected as untimely. Plaintiff cites Reed-Bay v. Pramstaller, 603 F.3d 322, 325 (6th Cir. 2010), in which the appeals court overlooked the inmate's failure to comply with exhaustion procedures when prison officials declined to enforce their own exhaustion procedures and opted to review otherwise-defaulted claims on the merits. This court is not bound by Sixth Circuit opinion and moreover, Plaintiff's case is distinguishable from Reed-Bay because here, prison officials did not decline to enforce their own exhaustion procedures. Here, Plaintiff's grievance was rejected twice at the first step [Second Level] under the procedural rule on timely filing, and then screened out at the Third Level based on the Second Level's finding that the appeal was procedurally untimely. Under § 3084.3, as effective in 2005, an appeal may be rejected when the "[t]ime limits for submitting the appeal are exceeded and the appellant had he opportunity to file within the prescribed time constraints." Cal.Code Regs., tit. 15 § 3084.3(c)(6) (2005). Plaintiff has cited no authority to establish that the prison officials' decision to conduct a confidential investigation of Plaintiff's claim as a staff complaint somehow absolves Plaintiff of the untimeliness

of his grievance. Such a result would be inapposite, because inmates' grievances would then always be timely if officials decided to investigate them as staff complaints.

Based on the foregoing, the Court finds that Plaintiff failed to comply with the CDCR's procedural rules to complete the appeals process before filing suit, and he did not otherwise satisfy the exhaustion requirement under § 1997e(a) before filing this lawsuit. Therefore, the Court finds that Defendants are entitled to dismissal of this action.

## V.    CONCLUSION AND RECOMMENDATION

Defendants have met their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in compliance with § 1997e(a). Defendants have shown an absence in the official records of any evidence that Plaintiff exhausted his remedies by an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the complaint against Defendants in this action. Plaintiff has not submitted evidence of any appeals that satisfy the exhaustion requirement, nor has Plaintiff submitted evidence that he exhausted all of the remedies available to him. Therefore, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed on August 3, 2011, be GRANTED, dismissing this action.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 18, 2012**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE